```
                                           FILED
                                      IN CLERKS OFFICE

                                      2019 JUL 12 PM 12:06

                                       U.S. DISTRICT COURT
                                       DISTRICT OF MASS.
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MARVIN ANTOINE,  )
  )
    Movant,  )  No.: **1:15-CR-10383 (WGY)**
  )
v.  )  M O T I O N  TO VACATE, SET
  )  ASIDE, OR CORRECT SENTENCE
  )  PURSUANT 28 U.S.C. § 2255
UNITED STATES OF AMERICA,  )
  )
    Respondent.  )
  )

## INTRODUCTION

Marvin Antoine is 33 years old. He was born and raised in the poorest and most violent neighborhoods of Boston. Not surprisingly, he ended up in trouble with the law. Ultimately finding himself standing before this Court charged with being a member of a loosely charged drug conspiracy and of possessing a gun in furtherance of same. Pursuant to a Fed. R. Crim. P. 11 (c) (1) (C) plea agreement, this Court ordered Antoine imprisoned for 25 years -- 20 years are imposed under 21 U.S.C. §§ 841 (b) (1) (A), 851; 5 years are imposed, consecutively, under 18 U.S.C. § 924 (c). (Sentencing Transcript, hereinafter "ST," at 13-14)

This action is not complex. Antoine is entitled to resentencing because his lawyer, Robert L. Sheketoff, neglected to file notice of appeal on his behalf despite Antoine's specific instruction he do so. And because an intervening change in law vis-a-vis the minimum-mandatory sentence dictated by 21 U.S.C. §§ 841 (b) (1) (A), 851 reduces the sentence he bargained for to 20 years, he is entitled to be resentenced to 20 years.

Ever mindful of the Court's busy calendar, here's how we get there, in a nutshell.

### GROUND FOR RELIEF POINT 1

**ATTORNEY SHEKETOFF DEPRIVED ANTOINE OF HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE HE FAILED TO CARRY-OUT ANTOINE'S SPECIFIC INSTRUCTION TO FILE NOTICE OF APPEAL. THIS IS A PER SE VIOLATION OF THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, PREJUDICE IS PRESUMED. ANTOINE MUST BE RESENTENCED.**

This Court made clear Antoine's "right [to appeal] stands," despite any waiver. (ST, at 17)  This alone is enough to question whether any waiver remained knowingly and voluntarily executed.  United States v. Teeter, 257 F.3d 14, 25 (1st Cir. 2001) ("[A] court can compromise an otherwise adequate change-of-plea colloquy by sending contradictory messages to the defendant.  One potential source of confusion looms when the trial court, acting pursuant to Federal Rule of Criminal Procedure 32 (c) (5), tells the defendant at sentencing about her right to appeal.")

Here, Antoine swears he did, in fact, instruct Sheketoff to appeal, inter alia, use of his prior Massachusetts drug conviction as a predicate offense for purposes of doubling his minimum-mandatory sentence under 21 U.S.C. §§ 841 (b) (1) (A), 851. (Antoine Dec., ¶ 1) Thus, Sheketoff's failure to file notice of appeal, despite Antoine's specific instruction he do so, is a per se violation of Antoine's Sixth Amendment right to effective assistance of counsel.  Prejudice is presumed.  Garza v. Idaho, 203 L. Ed. 2d 77, 83 (2019) ("We hold that the presumption of prejudice recognized in Flores-Ortega applies regardless of whether the defendant has signed an appeal waiver.")

2

The Garza Court merely clarified and reaffirmed the notion that, "[s]o long as defendant can show 'that counsel's constitutionally deficient performance deprive[d him] of an appeal that he otherwise would have taken,' courts are to 'presum[e] prejudice with no further showing from the defendant of the merits of his underlying claims.'" Id. at 89, qouting Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000)

Little more need be said about that. Antoine instructed Sheketoff to file notice of appeal after this Court advised him he could do so, and, Sheketoff did not file the requested appeal. Accordingly, the appropriate remedy is to vacate the sentence and resentence Antoine. See just for example, United States v. Torres-Otero, 232 F.3d 24, 32 (1st Cir. 2000); United States v. Maldonado, 242 F.3d 1, 3-4 (1st Cir. 2001) (The appropriate remedy for negligently failing to file notice of appeal is to vacate and reimpose sentence, the decision on whether to revisit sentencing anew is squarely within the discretion of the Court.)

Thus, Antoine is, without doubt, entitled to resentencing. Here's why he should be resentenced to 20 years only.

### GROUND FOR RELIEF POINT 2

**ANTOINE BARGAINED FOR THE MINIMUM-MANDATORY SENTENCE PERMITTED BY LAW. AN INTERVENING CHANGE IN LAW REDUCES THAT BASELINE SENTENCE TO 20 YEARS. THUS, ANTOINE IS ENTITLED TO THE BENEFIT HE BARGAINED FOR. MOREOVER, THE INTERVENING CHANGE IN LAW MANDATES IMPOSITION OF 20 YEARS ONLY BECAUSE THIS COURT MAY NOT LEAVE IN PLACE AN OTHERWISE ILLEGAL SENTENCE.**

The plea agreement was not driven by the advisory sentencing guidelines, the government made this crystal clear. (ST, at 5-12) Rather, the government conceded it settled on the minimum-mandatory

because, "[i]n this case[,] there were certain litigation risks." (ST, at 8) In line with the parties' intent that Antoine receive the statutory minimum-mandatory only, this Court imposed 20 years under 21 U.S.C. §§ 841 (b) (1) (A), 851, to be followed by a consecutive 5 years under 18 U.S.C. § 924 (c). (ST, at 13-14) This was the absolute bottom range of available sentences the Court could impose under 18 U.S.C. § 3553 (a) (3). And, recall, § 3553 (a) (3) imposes a duty upon the Court to fully consider "the kinds of sentences available." Ibid.; Cf. United States v. Peretta, 804 F.3d 53, 57 (1st Cir. 2015) ("[A] sentencing court has a duty to 'consider all relevant section 3553 (a) factors.'")

Thus, the Court could impose no sentence other than the statutory minimum-mandatory 25 years. That's what it properly did.

Now, in-line with the same contract, the Court must again impose the statutory minimum-mandatory. That sentence was beyond the Court's consideration previously, but it must consider it and impose it now pursuant an intervening change in law. On December 21, 2018 § 401 of The First Step Act (The Act) became law. § 401 of The Act reduced the statutory minimum-mandatory applicable to Antoine under 21 U.S.C. § 841 (b) (1) (A), 851 to 15 years. See § 401 (a) (2) of The First Step Act of 2018 ("If any person commits such a violation after a prior conviction for a serious drug felony has become final, such person shall be sentenced to a term of imprisonment of not less than 15 years.")

As made clear above, this Court must resentence Antoine and the Court is without discretion to sentence him anew without considering "the kinds of sentences available" under 18 U.S.C. § 3553 (a). This is

especially true because "a court has no authority to leave in place a conviction or sentence that violates a substantive rule, regardless of whether the conviction or sentence became final before the rule was announced." Montgomery v. Louisiana, 136 S. Ct. 718, 737 (2015)

§ 401 (a) (2)'s reduction of the applicable minimum-mandatory is in all ways substantive. Therefore, Antoine is entitled to imposition of 20 years imprisonment not only because it is what he bargained for, but also because he has proven reimposition of the 25 year sentence is patently illegal. This is because such a "sentence is substantively defective." Torres-Otero, 232 F.3d at 31, n. 6

Besides, it's beyond dispute that intervening changes in law, such as § 401 of The Act, are wholly applicable on direct appeal and collateral attack pursuant 28 U.S.C. § 2255. See just for example Robson v. United States, 526 F.2d 1145, 1148 (1st Cir. 1975), citing Davis v. United States, 417 U.S. 333, 342 (1974) (Making clear "intervening changes in law" apply in a § 2255 action.); compare Reese v. United States, 329 Fed. Appx. 324, 326-327 (2d Cir. 2009); United States v. Becker, 502 F.3d 122, 128 (2d Cir. 2007) ("In determining that [§ 2255] claim was not barred by the circuit court's decision on direct appeal, the Supreme Court implied the result would be different had the change in law occurred while the defendant still had time to appeal his conviction but failed to do so.")

Finally, Antoine is asking for no more than what he bargained for, the statutory minimum-mandatory sentence. 20 years is still a very long time. If the Court chooses to clarify on resentencing that Antoine may not appeal its sentence based on a waiver operating to preclude direct appeal of a newly imposed sentence, the government will have gotten all

it bargained for too, i.e., limitation on its perceived "litigation risks" and a lengthy minimum-mandatory sentence. After all, although this Court may not leave in place the 25 year sentence because it is substantively deficient and illegal in light of § 401 of The Act, the Court is free to revisit its sentence in full and consider the equity of crafting such final resolution by securing Antoine's unquestionable knowing and voluntary waiver. Maldonado, 242 F.3d at 3-4 ("Criminal procedure, like the rest of life, is filled with situations in which fortuities work to the benefit or disadvantage of a prosecutor or defendant....Section 2255 being silent, it seems to us that the best approach is to retain some flexibility.")

## CONCLUSION

Attorney Sheketoff deprived Antoine of his Sixth Amendment right to effective assistance of counsel by thwarting his right to appeal. Antoine is entitled to resentencing. The Court is bound to impose the 20 year statutory minimum-mandatory that Antoine bargained for, if it secures Antoine's knowing and voluntary waiver of his right to appeal the 20 year sentence, that will be that.

May 15, 2019

Respectfully submitted,

Marvin Antoine, pro se
No.: 97602-038
FCI-Berlin, P.O. Box 9000
Berlin, NH 03570-9000

**PERSONAL VERIFICATION AND DECLARATION OF SERVICE**

I, Marvin Antoine, declare, pursuant 28 U.S.C. § 1746, that all facts contained herein are true and accurate, and I further declare that I have this day caused this 28 U.S.C. § 2255 action and all accompanying papers, including my supporting declaration, to be served upon the United States Attorney for the District of Massachusetts, Leah B. Foley, of counsel, by placing same in the Prison Mailbox, addressed to the Clerk of the United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, One Courthouse Way, Suite 2300, Boston, MA 02210-3002, and affixed with First Class U.S. Postage, Pre-Paid, on today.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY MAY 15, 2019.

X: _____
Marvin Antoine, pro se